VÍCTOR MALDONADO, Plaintiff and Appellant, *v.* WAR EMERGENCY PROGRAM, ETC., ET AL., Defendants and Appellees.

No. 9684. Argued June 2, 1948.—Decided June 22, 1948.

902

*Benigno Dávila* for appellant. *Luis Negrón Fernández, Attorney General,* and *Carlos Santana Becerra, Assistant Attorney General,* for appellees.

Mr. Justice Snyder delivered the opinion of the Court.

Víctor Maldonado filed a petition for mandamus against Manuel A. Pérez, Administrator of the War Emergency Program, and A. Mercado Reverón, Chief of its Payroll Section, praying that they be directed to take the necessary steps for payment to him of $552.42. The dispute revolves around a contract under which WEP agreed to pay $12 a day as rent for the use of a truck. After a trial on the merits, the lower court entered judgment in favor of the defendants, and the petitioner appealed.

The testimony shows that the Superintendent of the project on which the truck was to be used arranged with the petitioner for rental of his truck. However, all the documentation in connection with the agreement was made out in the name of Luz M. Dávila, in whose name the truck was registered in the Department of Interior. And partial payment for rent of the truck was made by issuing checks to Dávila, which were indorsed by the latter and cashed by the petitioner. Thereafter, when it is discovered that Dávila was employed by WEP in another project and was therefore prohibited by law fron entering into contracts with the government, the petitioner came forward and asserted that the truck really belonged to him and that he was entitled to payment of the rental therefor.

We assume, without deciding, that this is not in substance a suit for a money judgment against The People of

Puerto Rico which has not consented to be sued. Cf. *Valiente & Co.* v. *Cuevas, Com'r.* 65 P.R.R. 169; *Abella* v. *Tugwell, Governor, ante,* p. 430; *Méndez* v. *Buscaglia, Treas.,* 64 P.R.R. 707. But mandamus lies only to perform a ministerial duty. It is true that Dávila, the father-in-law of the petitioner, testified that the truck belonged to the latter and that he signed all the documents and indorsed the checks at the request of the petitioner. But Dávila is not a party to this case. He will therefore not be bound by any judgment herein. And on the record WEP has a contract with him, not with the petitioner. We do not stop to determine if there is any proceeding available to the petitioner to reform the contract to show the true parties in interest. The point is that WEP having as a matter of record contracted with Dávila, the defendants had no *ministerial* duty to determine that Maldonado was entitled to be paid under the contract. We therefore agree with the lower court that no clear ministerial duty exists on the part of the defendants for which mandamus lies.

There is an additional reason why we cannot grant mandamus. When asked why he had registered the truck in the name of his father-in-law rather than in his own name, the petitioner testified that he was endeavouring to obtain a priority for a new truck and he feared that if he registered this truck in his own name he would not obtain a priority for another truck. Obviously, his hands were not clean. He was therefore not entitled to invoke the equitable discretionary remedy of mandamus to extricate himself from his predicament. *Abella* v. *Tugwell, Governor, supra.*

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.